UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

JOHNATHAN LESLIE ALLEN,
a/k/a "Ghost,"

                    Defendant.

NO:  2:23-CR-113-RMP-1

## COURT'S FINAL INSTRUCTIONS TO JURY

**DATED** November 16, 2023.

_s/ Rosanna Malouf Peterson_

ROSANNA MALOUF PETERSON
Senior United States District Judge

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 3

The Defendant is charged in Count 1 of the Indictment with conspiracy to distribute methamphetamine in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown, but by no later than October 27, 2022, and continuing through on or about October 27, 2022, there was an agreement between two or more persons to distribute methamphetamine; and

Second, the Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that

COURT'S FINAL INSTRUCTIONS TO JURY ~ 4

there was a plan to commit at least one of the crimes alleged in the Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 4

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a Defendant did not directly conspire with other conspirators in the overall scheme, the Defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the Defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the Defendant knew or had reason to know that other conspirators were involved with those with whom the Defendant directly conspired; and

Third, the Defendant had reason to believe that whatever benefits the Defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 5

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it.  One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts.  You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

If you find that the government has proved beyond a reasonable doubt each element of a conspiracy and that the Defendant was a member of the conspiracy, the burden is on the Defendant to prove by a preponderance of the evidence that he withdrew from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.  A preponderance of the evidence means that you must be persuaded that the things the Defendant seeks to prove are more probably true than not true.  This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of the conspiracy and that the Defendant was a member of the conspiracy.

If you find that the Defendant withdrew from the conspiracy, you must find the Defendant not guilty of conspiracy to distribute methamphetamine.

INSTRUCTION NO. 6

If you find the Defendant guilty of the charge in Count 1 of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the conspiracy charged in Count 1 involved 50 grams or more of actual (pure) methamphetamine.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of pure methamphetamine.

INSTRUCTION NO. 7

The Defendant is charged in Count 2 of the Indictment with distribution of methamphetamine in violation of Section 841(a)(1) of Title 21 of the United States Code, and aiding and abetting the same, in violation of 18 U.S.C. § 2.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly distributed methamphetamine; and

Second, the Defendant knew that it was methamphetamine or some other federally controlled substance.

"Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

Methamphetamine is a federally controlled substance.

INSTRUCTION NO. 8

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the Defendant guilty of distributing methamphetamine as charged in Count 2 of the Indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 2 of the Indictment committed the crime of distributing methamphetamine, as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the Indictment;

Third, the person committed the crime of distributing methamphetamine in furtherance of the conspiracy;

Fourth, the Defendant was a member of the same conspiracy at the time the offense charged in Count 2 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 10

INSTRUCTION NO. 9

A Defendant may be found guilty of distributing methamphetamine even if the Defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a Defendant guilty of distributing methamphetamine by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of distribution of methamphetamine;

Second, the Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime of distribution of methamphetamine;

Third, the Defendant acted with the intent to facilitate the crime of distribution of methamphetamine; and

Fourth, the Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime of distribution of methamphetamine.

A Defendant acts with the intent to facilitate the crime when the Defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the Defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which Defendant actually committed the crime and which Defendant aided and abetted.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 12

INSTRUCTION NO. 10

A Defendant may be found guilty of the crimes charged even if the Defendant did not personally commit the acts constituting the crime if the Defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A Defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

INSTRUCTION NO. 11

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the Defendant committed the crime. The Defendant must be a participant and not merely a knowing spectator. The Defendant's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. 12

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought methamphetamine from another person or sold methamphetamine to another person is not sufficient without more to establish that the Defendant was a member of the charged conspiracy. Instead, a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

(1) Whether the sales were made on credit or consignment;

(2) The frequency of the sales;

(3) The quantity of the sales;

(4) The level of trust demonstrated between the buyer and the seller, including the use of codes;

(5) The length of time during which the sales were ongoing;

(6) Whether the transactions were standardized;

(7) Whether the parties advised each other on the conduct of the other's business;

(8) Whether the buyer assisted the seller by looking for other customers;

COURT'S FINAL INSTRUCTIONS TO JURY ~ 15

(9) Whether the parties agreed to warn each other of potential threats from competitors or law enforcement; and

(10) Whether the buyer was free to shop elsewhere.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

INSTRUCTION NO. 13

If you find the Defendant guilty of the charge in Count 2 of the Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine that the Defendant distributed equaled or exceeded 50 grams of pure (actual) methamphetamine.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the Defendant knew the quantity of methamphetamine or its purity.

INSTRUCTION NO. 14

The Defendant is charged in Count 3 of the Indictment with possession of a firearm or ammunition on or about October 28, 2022, in violation of Section 922(g)(1) of Title 18 of the United States Code.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about October 28, 2022, the Defendant knowingly possessed a firearm, namely a Ruger, model American Pistol, 9mm caliber pistol, bearing serial number 860-18209, or 9mm caliber ammunition;

Second, the aforementioned firearm or ammunition had been transported from one state to another or between a foreign nation and the United States;

Third, at the time the Defendant possessed the aforementioned firearm or ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The Defendant stipulates that prior to October 28, 2022, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the Defendant possessed the aforementioned firearm or ammunition, the Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The Defendant stipulates that on or about October 28, 2022, he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 18

1    It is not necessary for the government to prove that the Defendant

2 possessed the Ruger, model American Pistol and all the 9mm caliber ammunition.

3 It is only necessary that you find that the government has proven beyond a

4 reasonable doubt that the Defendant possessed the firearm or a round of

5 ammunition.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

INSTRUCTION NO. 15

The Defendant is charged in Count 4 of the Indictment with possession of a firearm or ammunition on or about February 7, 2023, in violation of Section 922(g)(1) of Title 18 of the United States Code. For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about February 7, 2023, the Defendant knowingly possessed a firearm, namely, an HS Produkt (Springfield Armory), model XD-9, 9mm caliber pistol, bearing serial number BY291312, or 9mm caliber ammunition;

Second, the aforementioned firearm or ammunition had been transported from one state to another or between a foreign nation and the United States;

Third, at the time the Defendant possessed the aforementioned firearm or ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that prior to February 7, 2023, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the Defendant possessed the aforementioned firearm or ammunition, the Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that on or about February 7, 2023, he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 20

It is not necessary for the government to prove that the Defendant possessed the HS Produkt (Springfield Armory), model XD-9, 9mm caliber pistol and all the 9mm caliber ammunition.  It is only necessary that you find that the government has proven beyond a reasonable doubt that the Defendant possessed the firearm or a round of ammunition.

INSTRUCTION NO. 16

The indictment is not evidence.  The Defendant has pleaded not guilty to the charges.  The Defendant is presumed to be innocent unless and until the government proves the Defendant guilty beyond a reasonable doubt.  In addition, the Defendant does not have to testify or present any evidence.  The Defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt

INSTRUCTION NO. 17

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

INSTRUCTION NO. 18

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

INSTRUCTION NO. 19

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

INSTRUCTION NO. 20

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Indictment.  The Defendant is not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 21

For reasons that do not concern you, the case against codefendants in this case are no longer before you.  Do not speculate why.  This fact should not influence your verdicts with reference to the remaining Defendant, and you must base your verdicts solely on the evidence against the remaining Defendant.

INSTRUCTION NO. 22

The Indictment charges the offenses were committed "on or about" a certain date.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 23

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The government does not have to prove that the Defendant knew that the firearms or ammunition traveled in interstate commerce.

INSTRUCTION NO. 24

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 25

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

INSTRUCTION NO. 26

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 32

INSTRUCTION NO. 27

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 33

INSTRUCTION NO. 28

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it

differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 29

You have heard evidence that Joshua Fisher and Quinton Brown, witnesses for the government, have sustained prior convictions.  You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

INSTRUCTION NO. 30

You have heard testimony from Joshua Fisher and Quinton Brown, witnesses who anticipate sentencing consideration from the government in connection with this case.  Mr. Fisher and Mr. Brown have also each pleaded guilty to crimes arising out of some of the same events for which the Defendant is on trial.  Their guilty pleas are not evidence against the Defendant, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating the testimony of Mr. Fisher and Mr. Brown, you should consider the extent to which or whether their testimony may have been influenced by any of these factors.  In addition, you should examine their testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 31

You have heard testimony from undercover agents who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

INSTRUCTION NO. 32

You have heard testimony on eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider the following:

First, the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of the observation, including lighting and distance;

Second, whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

Third, any inconsistent identifications made by the eyewitness;

Fourth, the witness's familiarity with the subject identified;

Fifth, the strength of earlier and later identifications;

Sixth, lapses of time between the event and the identification; and

Seventh, the totality of circumstances surrounding the eyewitness's identification.

INSTRUCTION NO. 33

You have heard testimony from witnesses who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and you may give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 34

You have heard evidence that the Defendant has previously been convicted of a crime. You may consider that evidence only as it relates to an element of the offense of Unlawful Possession of a Firearm or Ammunition as charged in the Indictment. You may not consider a prior conviction for any other purpose.

INSTRUCTION NO. 35

You have seen Exhibit 303A.  You may consider Exhibit 303A only for its bearing, if any, on the question of the Defendant's identity and for no other purpose.

INSTRUCTION NO. 36

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 37

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

COURT'S FINAL INSTRUCTIONS TO JURY ~ 44

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 45

INSTRUCTION NO. 38

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

COURT'S FINAL INSTRUCTIONS TO JURY ~ 46

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 39

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the Defendant beyond a reasonable doubt.

INSTRUCTION NO. 40

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION NO. 41

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 42

Throughout trial, I have admitted certain exhibits and allowed the attorneys to show them to you. During your deliberations, you will be able to view most of these exhibits in the jury room by using a computer with the Jury Evidence Recording System (JERS), which provides easy access to the exhibits in digital form. You also will be able to use JERS to replay any video or audio clips that are admitted and played during trial. The Deputy Clerk will instruct you on the use of JERS.

Some exhibits that might be admitted into evidence – such as drugs, firearms, or ammunition – will not be sent back to the jury room; however, you may send me a written request to examine any such exhibit. If I approve your request, the Deputy Clerk will bring the requested exhibit back to the jury room for your examination. You may take as much time as you need to examine such exhibits, but you must not discuss the exhibits, or any other aspect of the case, in the presence of the Deputy Clerk. After your examination, the Deputy Clerk will retrieve the exhibits and you will resume your deliberations.