FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>JOHNATHAN LESLIE ALLEN,<br>a/k/a "Ghost,"<br><br>                      Defendant. | NO:  2:23-CR-113-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL |

      BEFORE THE COURT is Defendant's Motion for New Trial, ECF No. 119. The Government responded, ECF No. 121, and Defendant replied, ECF No. 122. Having reviewed the motion, the record, and the relevant law, the Court is fully informed.

      On November 17, 2023, Defendant was found guilty by a jury of his peers to the charges in the Indictment, ECF No. 16, charging Defendant with Count 1: Conspiracy to Distribute 50 Grams of Actual (pure) Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); Count 2: Distribution of 50 Grams of

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 1

Actual (pure) Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2; and Counts 3 and 4: Unlawful Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). ECF No. 113. On November 28, 2023, Defendant filed the present motion for a new trial. ECF No. 119.

## LEGAL STANDARD

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In deciding a motion for new trial, the district court is subject to review only for an abuse of discretion. *See United States v. Hursh*, 217 F.3d 761, 769 (9th Cir. 2000). However, a motion for new trial "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotations omitted).

The district court's power to decide a motion for new trial is broad; the court "need not view the evidence in the light most favorable to the verdict." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (*quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). Where the evidence preponderates sufficiently heavily against the verdict to suggest that a serious miscarriage of justice has occurred, a new trial may be warranted. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (*quoting Alston*, 974 F.2d at 1211–12).

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 2

1    The moving party bears the "burden of showing essential unfairness . . .
2    sustained not as a matter of speculation but as a demonstrable reality." *United*
3    *States ex rel. Darcy v. Handy*, 351 U.S. 454, 462 (1956) (quoting *Adams v. United*
4    *States ex rel. McCann*, 317 U.S. 269, 281 (1942)).

**DISCUSSION**

6    Defendant moves for a new trial pursuant to Fed. Crim. R. 33(b)(2) "based
7    upon a significant cumulation of error" resulting from the Government's use of
8    leading questions and the Government's statements and actions during closing
9    argument. ECF No. 119.

10   **Leading Questions**

11   Defendant argues that the number of leading questions asked by the
12   Government created the appearance that the prosecutor, rather than the witness,
13   was testifying. *Id*. at 2. Defendant relies on *United States v. Pearson*, 274 F.3d
14   1225, 1233 (9th Cir. 2001) to argue that a reviewing court will reverse a trial
15   court's decision to permit leading questions if sustained objections amounted to, or
16   contributed to, the denial of a fair trial. ECF No. 119 at 2. Defendant argues that
17   the Government was repeatedly objected to and admonished by the Court to stop
18   leading witnesses on direct examination, particularly Agent Wells, Agent Julius,
19   Joshua Fisher, and Quinton Brown, which prevented the jury from assessing the
20   evidence on its own. *Id*.

21

The Government responds that *Pearson*, relied on by Defendant, in fact found that the district court's evidentiary ruling did not result in a denial of a fair trial. ECF No. 121 at 2. The Government further notes that "Defendant has not identified in his briefing a single leading question that was asked, a single objection that was made, or a single objection that was sustained, nor has he shown that leading questions were so pervasive that he was in some way denied a fair trial." *Id*. at 3. Additionally, the Government contends that a trial judge's sustaining of many objections to leading questions and repeatedly admonishing the prosecutor to ask more appropriate questions reflected a judge who did not deny the defendant a fair trial. ECF No. 121 at 4 (citing *United States v. Nelson*, 137 F.3d 1094, 1106 n.8 (9th Cir. 1998)).

Federal Rule of Evidence 611(c) vests a trial judge with broad discretion in allowing leading questions. *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 514 (9th Cir. 1989) (citations omitted). A reviewing court will only reverse based on improper leading questions if "the judge's action . . . amounted to, or contributed to, the denial of a fair trial." *Id*.

The Court finds that the Government's use of leading questions did not prevent Defendant from receiving a fair trial; nor did it lead to one of the "exceptional cases in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545. In fact, although Defendant claims that the leading questions "prevented the jury from assessing the evidence on its own

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 4

without government interference," *see* ECF No. 119 at 2, Defendant does not point to a single piece of evidence or testimony that would have favored a different verdict without the use of leading questions.

Accordingly, the Court denies a new trial based on the use of leading questions.

**Closing Argument**

Defendant argues that during the Government's closing argument, the Government improperly vouched for its witnesses. *Id*. at 3.  While the Court sustained the vouching objection by defense counsel during trial, Defendant argues that the Court was further required to provide a curative instruction to the jury. *Id*. Defendant relies on *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003), in which the Ninth Circuit found that the district court's failure to give a curative instruction after the prosecution relied heavily on propensity evidence during closing arguments affected the jury's ability to judge the evidence fairly.  *Id*. Defendant also argues that the Government improperly marked the verdict form in front of the jury, which invaded the province of the jury.  *Id*.

In response, the Government notes that, in *Brown*, the Ninth Circuit reversed, not due to a single alleged vouching, but due to the prosecutor improperly and repeatedly arguing during closing argument that the jury should convict based on other bad acts and improper propensity evidence, in violation of Fed. R. Evid. 404(b).  ECF No. 121 at 5–6 (quoting *Brown*, 317 F.3d at 871–72).

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 5

The Government argues that it is not improper for a prosecutor to argue that a witness's statement is credible based on its consistency with other evidence, as the prosecutor did in his closing. ECF No. 121 at 7. The Government further argues that even if it did impermissibly vouch once during its closing argument, that would be insufficient to establish the basis for a new trial, because the alleged vouching was minimal and not crucial to the Government's case. *Id*. at 8–9.

Additionally, the Government responds that Defendant's argument regarding the verdict form is the same argument offered by Defendant during the Government's closing, which the Court overruled, and Defendant has offered nothing new to suggest a different result is warranted. *Id*. at 11. The Government notes that Defendant has not cited to any case where a court has found actions like those by the Government in this case improper. *Id*. The Government argues that it is afforded wide latitude during closing arguments, and that there is nothing inherently unfair about walking through a verdict form. *Id*. at 12.

"Counsel are necessarily permitted a degree of latitude in the presentation of their closing summations." *United States v. Rich*, 580 F.2d 929, 936 (9th Cir. 1978). Improper statements by counsel during such arguments do not require a new trial unless they "are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *Id*. (internal quotations and citations omitted). Statements by the prosecution to which the defendant objects are reviewed for harmless error. *Brown*, 327 F.3d at 872 (citing *United States v. de*

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 6

*Cruz*, 82 F.3d 856, 861 (9th Cir. 1996) and *United States v. Sanchez*, 176 F.3d 1214, 1218 (9th Cir. 1999)).  Harmless error reviews include determining "whether allegedly improper behavior, considered in the context of the entire trial, including the conduct of the defense counsel, affected the jury's ability to judge the evidence fairly." *Brown*, 327 F.3d at 872 (citing *de Cruz*, 82 F.3d at 862) (internal quotations omitted).

In evaluating alleged vouching, the court is to consider the following factors: "the form of vouching; how much the vouching implies that the prosecutor has extra-record knowledge of or the capacity to monitor the witness's truthfulness; any inference that the court is monitoring the witness's veracity; the degree of personal opinion asserted; the timing of the vouching; the extent to which the witness's credibility was attacked; the specificity and timing of a curative instruction; the importance of the witness's testimony and the vouching to the case overall." *United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013) (citing *United States v. Necoechea*, 986 F.2d 1273, 1278 (9th Cir. 1993)).

The Court agrees with the Government that the statements by the prosecutor does not amount to a need for a new trial in the interests of justice. *See* Fed. R. Crim. P. 33(a).  During closing argument, the Court sustained one objection by Defendant for impermissible vouching.  The Court finds that a curative instruction was not necessary.  In *Brown*, the prosecution's statements during closing argument "relied heavily on evidence of other bad acts," "were clearly designed to

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 7

show [the defendant]'s criminal propensity, in violation of Fed. R. Evid. Rule 404(b)," and "were arguably an attempt to 'inflame the jury.'" *Brown*, 327 F.3d at 871–72. Here, any vouching by the prosecution was minimal and did not affect the jury's ability to assess the evidence fairly, especially as the Court reminded the jury several times during trial that counsel's arguments are not evidence.

Regarding the use of the verdict forms, after the Court overruled Defendant's objection to the markings on the verdict sheet, the Court immediately reminded the jury that closing arguments are not evidence. This instruction served to neutralize any potential prejudice against Defendant. Additionally, Defendant has not pointed to a single case where the marking of a verdict form was grounds for a new trial, nor has he provided any reason for the Court to revisit its in-trial ruling.

Accordingly, the Court finds that a new trial is not warranted based on the statements and actions by the prosecution during its closing argument.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial, **ECF No. 119**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 18, 2023.

                                  *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                 Senior United States District Judge